**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SCOT CAVINESS,** | : | |
| Petitioner | : | **CIVIL ACTION NO. 3:04-2102** |
| v. | : | **(CONABOY, D.J.)** |
| | : | **(MANNION, M.J.)** |
| **RONNIE HOLT, Warden,** | : | |
| Respondent | : | |

## REPORT AND RECOMMENDATION

On September 22, 2004, the petitioner ("Caviness"), an inmate at the Federal Correctional Institution at Schuylkill, ("FCI-Schuylkill"), Minersville, Pennsylvania, filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, in which he challenges his sentence imposed by the United States District Court for the Southern District of Florida. (Doc. No. 1). In addition, the petitioner filed an application to proceed *in forma pauperis*. (Doc. No. 3).

In a report dated September 24, 2004, the undersigned recommended that the petition for writ of habeas corpus be dismissed without prejudice for failure to file an appropriate § 2255 action in the sentencing court. (Doc. No. 5). On November 8, 2004, the court issued a remand order, noting that the respondents had not addressed certain issues raised in the petition. (Doc. No. 7). As a result, the recommendation that the petition be dismissed was not adopted.

A show cause order issued on November 17, 2004, which directed the respondents to show cause, within 20 days, why the petition should not be granted. The order specifically directed the respondents to address the petitioner's claim that Amendment 439 of the Sentencing Guidelines should have been applied to his case, thereby reducing his sentence. (Doc. No. 8). On December 7, 2004, the respondents filed a response. (Doc. No. 9). The petitioner filed a reply to the response on December 27, 2004. (Doc. No. 10).

I.  **BACKGROUND**

The procedural background of this case is complex. By the petitioner's own averments, however, he and two codefendants were convicted after a jury trial held in March 1990, in the Southern District of Florida, of Conspiracy to Possess with Intent to Distribute Cocaine (at least five (5) kilograms), and with Possession with Intent to Deliver Cocaine. Caviness was also convicted of Carrying a Firearm in relation to a drug trafficking crime. He was sentenced on August 31, 1990, to serve 181 months incarceration, followed by five years of supervised release. He was committed to the custody of the United States Bureau of Prisons on August 31, 1990.

All three codefendants filed post trial relief motions. Caviness specifically challenged his sentence on the ground that the court had erred in finding that the conspiracy involved at least five kilograms of cocaine, thus triggering a mandatory minimum sentence of 10 years. That motion was

denied. The petitioner appealed to the Eleventh Circuit Court of Appeals which affirmed the convictions on December 8, 1992. Regarding the challenge to the sentencing, the court stated:

> ...Their challenge is patently frivolous. As Appellant Powell's attorney observed at sentencing, the jury's finding that the conspiracy involved [five kilograms] of cocaine foreclosed that objection...

(Doc. No. 1, Ex. E-2, p. 2).

The petitioner was eventually transferred, on May 21, 1993, to the Federal Prison Camp, Maxwell Air Force Base, Montgomery, Alabama. He escaped from that institution on or about June 15, 1994. He was apprehended on January 7, 1999. The petitioner entered a guilty plea to the escape charge on March 22, 1999. (Doc. No. 1, Ex. F-2). He was sentenced to 5 years incarceration and fined $250,000.00 (Doc. No. 1, Ex. F-1).

After being reincarcerated, the petitioner filed a Motion for Sentence Reduction, in the sentencing court, pursuant to 18 U.S.C. § 3582 (c)(2). Section 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission...the court may reduce the term of imprisonment...if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The petitioner argued that he was entitled to have his sentence reduced as a result of Amendment 439 to U.S.S.G.§ 1B1.3, which went into effect on November 1, 1992, during the pendency of the petitioner's appeal.

3

Amendment 439 revised U.S.S.G. § 1B1. 3 to provide that a defendant shall be held accountable for the conduct of others "only when the conduct was reasonably foreseeable." *See* United States v. Campbell, 168 F.3d 263, 269 (6th Cir. 1999). The petitioner argued that Amendment 439 would require that his sentence be reduced because the trial evidence unequivocally established that only one kilogram of cocaine was seized, and not the five kilograms as alleged by the government.

The motion was denied on June 12, 2002. (Doc. No. 1, Ex. G). He subsequently filed a motion for reconsideration, which was denied on August 20, 2002. He then filed an appeal with the Eleventh Circuit Court of Appeals. The appeal incorporated a request to review the district court's refusal to correct the sentence pursuant to 18 U.S.C. § 3582(c)(2). The petitioner again argued that he was entitled to have his sentence vacated because the district court failed to make an explicit factual finding as to the scope of the criminal activity he had agreed to undertake, thereby violating U.S.S.G § 1B1.3, as clarified by Amendment 439. The appeal was denied on December 23, 2003. (Doc. No. 1. Ex H-2).

The present petition for writ of habeas corpus was filed on September 22, 2004, and was brought pursuant to 28 U.S.C. § 2241. The petitioner raises two claims in his petition: (1) that he is "actually innocent" of the crime for which he was convicted because the evidence at trial unequivocally established that only one kilogram of cocaine was seized, and not the five

kilograms for which he was sentenced to 181 months incarceration, and (2) Amendment 439 to the sentencing guidelines applies to him, and mandates that his sentence be vacated or reduced.

The respondents assert that Caviness cannot challenge the validity of his sentence in a § 2241 petition. The respondents maintain that Caviness's only method of recourse would be to file a § 2255 petition in the sentencing court, and that he must therefore also meet the "gatekeeping" restrictions for obtaining relief under that statute. The respondents further maintain that Caviness cannot do so because he is now time-barred, and that he cannot show any extraordinary circumstances which would justify consideration of a § 2241 petition.  Finally, the respondents also argue, in the alternative, that the petitioner would not be entitled to habeas corpus relief in any event because Amendment 439 would have no practical effect in his case.

The petitioner replies that he did not file a petition pursuant to 28 U.S.C. § 2255 because it would have been "inadequate to test the legality of his detention." (Doc. No. 10, p. 1). He believes that this court's remand order of November 8, 2004, "ordered that the petitioner can advance his claim on § 2241..." (Doc. No. 10, p.2).

## II.  **DISCUSSION**

Initially, we note that the petitioner is incorrect in his assumption that the remand order authorized him to pursue his claims under § 2241.

The remand order only directed that the petition be served upon the respondents and that they file a response in order to address the specific issues raised by the petitioner. (Doc. No. 7).

Even though the petitioner attempts to state his claims as being purely questions of law, fitting within the narrow "savings clause" of the habeas corpus statute, it is evident that the petitioner is simply attempting, once again, to challenge his conviction and sentence.

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub.L. 104-132, 110 Stat. 1214, which is codified in relevant part at 28 U.S.C.§ 2255.  The usual avenue for federal prisoners seeking to challenge the legality of their confinement is a § 2255 motion in the sentencing court. In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). In general, a § 2255 motion "supercedes habeas corpus and provides the exclusive remedy" to inmates confined pursuant to a federal court conviction. Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir.), *cert. denied*, 409 U.S. 1046 (1972). It has been held that a § 2241 petition is not an alternative, additional or supplemental remedy to a § 2255 petition. Brown v. Mendez, 167 F. Supp.2d 723 (M.D.Pa. 2001)(citing Myers v. Booker, 232 F.3d 902 (10th Cir. 2000)).

Part of the congressional intent in enacting the AEDPA was to recognize a strong interest in the finality of criminal convictions in order to conserve judicial resources. *See* In re Turner, 267 F.3d 225 (3d Cir. 2001). As a result,

there are certain "gatekeeping" restrictions to bringing a § 2255 habeas corpus petition. Inmates must file their § 2255 petitions within one year from the latest of:

> (1) the date on which judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. The petitioner did not file his § 2241 petition until September 22, 2004. His conviction became final on December 8, 1992, when the Eleventh Circuit Court of Appeals denied his appeal. As the respondents note, however, the Eleventh Circuit Court of Appeals has held that where a federal prisoner's conviction became final before the effective date of the AEDPA, such as in the petitioner's case, the one year statute of limitations in which to file a § 2255 motion would expire on April 23, 1997, one year from the date of enactment of § 105 of the AEDPA. Goodman v. United States, 151 F.3d 1335, 1337 (11th Cir. 1998). The petitioner was a fugitive escapee as of April 23, 1997.

The petitioner argues nevertheless that he is entitled to habeas corpus relief because his case fits into one of the narrow exceptions under § 2255 which would permit such a petition. Section 2255 provides, in pertinent part:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [section 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, <u>unless it appears that the remedy by motion is inadequate or ineffective to test the legality of his detention</u>.

28 U.S.C § 2255 (emphasis added). This underlined statutory language, referred to as § 2255's "savings clause," is the authority relied upon by the petitioner as his explanation for filing a § 2241 petition rather than one brought pursuant to § 2255. The petitioner states:

> This Court has authority under 28 U.S.C. § 2241 to review Petitioner's claim because his sentence is the result of proceedings so fundamentally flawed that his imprisonment is a result of errors and is not merely erroneous, but void...In addition, Petitioner's extraordinary situation is such that other relief is not practically available...

(Doc. No. 2, p. 2). The petitioner adds, "At best, had Petitioner attempted a § 2255 challenge his motion would have been recharacterized as a motion to modify sentence under 18 U.S.C. § 3582(c), a remedy Petitioner has already exhausted." (Doc. No. 6, p. 2).

It has long been established that the remedy available under § 2255 can be deemed to be inadequate or ineffective to test the legality of an inmate's detention only if it can be shown that some limitation of scope or procedure would prevent a § 2255 proceeding from affording the prisoner a full hearing

8

and adjudication of his claim of wrongful detention. "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Cradle v. United States of America, 290 F.3d 536, 538-9 (M.D. Pa. 2002)(citing Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir. 1986).

There is no doubt that the petitioner's claims should have fallen within the purview of § 2255, and indeed the petitioner has made no showing that a § 2255 motion would have been either inadequate or ineffective to test the legality of his detention. The crux of the petitioner's claims is, and always has been, that he is "actually innocent," because in his view "he did not participate in the five-kilogram cocaine conspiracy as found by the sentencing court." (Doc. No. 2, p. 2). He asserts:

> The sentencing court used the "whole cloth" standard mandated by U.S.S.G. § 1B1.3 when it sentenced Petitioner. The Court was obligated under the whole cloth standard to attribute all conduct in furtherance of the conspiracy to each co-conspirator regardless of the individual's degree of involvement.
> After sentencing, but while Petitioner's direct appeal was pending, the Sentencing Commission amended § 1B1.3 and required courts to sentence conspiracy defendants according to their particularized relevant conduct. Petitioner's counsel, however, caused the appeal to be heard without alerting the court to the applicability of the amendment. Thus the sentence was permitted to stand, causing the habeas action now before this court.

(Doc. No. 2, pp.2-3). The petitioner raised this very issue in his Motion for Sentence Reduction which he filed sometime in 2002, after he was reincarcerated. The sentencing court rejected this argument, and the motion was again denied on reconsideration. Most importantly, the Eleventh Circuit

9

Court of Appeals also rejected this argument. In denying the appeal, and in refusing to amend the sentence, the Court stated in a Memorandum dated December 23, 2003:

> ...We have held that "for a sentence to be reduced retroactively under §3582(c)(2), a court must determine whether there has been an amendment to the Sentencing Guidelines that has lowered the guideline range applicable to that sentence and is listed under § 1B1.10(c)...only amendments, <u>clarifying or not</u>, listed under subsection (c) of § 1B1.10, and that have the effect of lowering the sentencing range upon which a sentence was based, may be considered for reduction of a sentence under § 3582(c)(2)...
>
> ...Because Amendment 439 is not listed in § 1B1.10(c), the district court could not have abused its discretion in concluding that retroactive application of the amendment would be inappropriate to reduce Caviness's sentence pursuant to § 3582(c)(2).

(Doc. No. 1, Ex. H, Opinion, <u>United States of America v. Scott Caviness</u>, No. 02-13782, December 23, 2003)(internal citations omitted)(emphasis in original).

A § 2255 motion is not inadequate or ineffective merely because the sentencing court does not grant the relief requested, the one-year statute of limitations has expired, or where the petitioner is otherwise unable to meet the stringent gatekeeping requirements of § 2255. The "savings clause" exists to ensure that petitioners have a fair opportunity to seek collateral relief, and <u>not</u> to enable them to evade procedural requirements. <u>Cradle</u> 290 F. 3d at 539 (citing <u>In re Dorsainvil</u>, 119 F.3d at 251-52)(emphasis added). The petitioner has set forth no facts from which this court could conclude that extraordinary

10

circumstances existed in his case which would justify permitting him to proceed under § 2241. As a result, the petition should be dismissed.

Even if the petitioner had established that his Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(2) had been either inadequate or ineffective to test the legality of his detention, he still would not be entitled to habeas corpus relief for several reasons. First, the misapplication of the sentencing guidelines in and of itself does not fit within the narrow savings clause of § 2255. *See* United States v. Melvin, 2001 WL 52778 (4th Cir. (Md.)(citing United States v. Mikalajunas, 186 F.3d 490, 494-95 (4th Cir. 1999). Second, Amendment 439 has no practical applicability in the petitioner's case.

The Amendment is a clarifying amendment. All the amendment did was to move the requirement of reasonable forseeability from the commentary section of the sentencing guideline into the guideline itself. United States v. Melvin 1999 WL 631245 * 1; U.S.S.G. § 1B1.3, comment. (n.1)(1990). As the sentencing court noted, the jury concluded that the conspiratorial agreement among the codefendants was to distribute at least five kilograms of cocaine, even though only one kilogram was actually seized. Thus, Caviness was properly sentenced for reasonably foreseeable conduct. As a result, his sentence would not have been vacated or reduced.

There is no doubt that the petitioner's claims fell within the purview of § 2255 . As indicated above, the petition was required to be filed no later than April 23, 1997. The petitioner did not file this habeas corpus petition until

11

September 22, 2004, more than seven years after the expiration of the statute of limitations. Additionally, the petitioner cites no extraordinary circumstances to show that his remedy under § 2255 would have been inadequate or ineffective to test the legality of his detention. As a result, the petition should be dismissed.

### III.    RECOMMENDATION

On the basis of the foregoing, it is recommended that the Petition for Habeas Corpus (Doc. No. 1) be **DISMISSED.**

s/ Malachy E. Mannion<br>
MALACHY E. MANNION<br>
United States Magistrate Judge

Dated: May 24, 2005

O:\shared\REPORTS\2004 Reports\04-2102.wpd