```
                    UNITED STATES DISTRICT COURT
                FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SCOT CAVINESS,                       :
                                     :
     Petitioner,                     :    CIVIL ACTION NO. 3:04-2102
                                     :
     v.                              :
                                     :
RONNIE HOLT, Warden,                 :    JUDGE CONABOY
                                     :
     Respondent.                     :    (Magistrate Judge Mannion)
_____
```

## MEMORANDUM and ORDER

Before the Court is Magistrate Judge Malachy Mannion's Report and Recommendation, Doc. 12, regarding Scot Caviness' ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.

In his petition, Petitioner challenges his sentence imposed by the United States District Court for the Southern District of Florida. (Doc. 1). Petitioner claims that he is entitled to have his sentence reduced as a result of Amendment 439 to the United States Sentencing Guidelines ("U.S.S.G.") § 1B1.3, which went into effect on November 1, 1992.[1] Amendment 439 revised U.S.S.G. §

---

[1] Amendment 439 states in relevant part that Section 1B1.3(a) is amended by deleting:

(1) all acts and omissions committed or aided and abetted by the defendant, or for which the defendant would be otherwise accountable, that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense, or that otherwise were in furtherance of that offense;

and inserting in lieu thereof:

(1)(A) all acts and omissions committed, aided, abetted, counseled,

1B1.3 to provide that a defendant shall be held liable for the conduct of others "only when the conduct was reasonably foreseeable." See United States v. Campbell, 168 F.3d 263, 269 (6th Cir. 1999).  Here, Petitioner was arrested with one kilogram of cocaine on his person.  However, he was found to be part of a conspiracy and was sentenced according to the five kilograms of cocaine attributed to the conspiracy agreement.

Petitioner claims that he was not part of the agreement to distribute five kilograms of cocaine and should have been sentenced only for the one kilogram found on him at the time of his arrest. Amendment 439 to U.S.S.G. § 1B1.3 went into effect during the pendency of Petitioner's appeal.  Therefore, he claims that the amendment should have been applied retroactively to him and reduced his sentence.  Additionally, Petitioner asserts that counsel at the sentencing hearing was ineffective for failing to bring Amendment 439 to the sentencing court's attention.

On June 30, 2005, Petitioner filed objections to the Magistrate Judge's Report and Recommendation. (Doc. 15). Therefore, we will make a de novo determination regarding the

---

commanded, induced, procured, or willfully caused by the defendant; and
(B) in the case of a jointly undertaken criminal activity (a criminal plan, scheme, endeavor, or enterprise undertaken by the defendant in concert with others, whether or not charged as a conspiracy), all *reasonably foreseeable* acts and omissions of others in furtherance of the jointly undertaken criminal activity...(emphasis added).
U.S. Sentencing Guidelines Manual app. C (1997).

matters to which Plaintiff has objected. <u>See</u> 28 U.S.C. § 636(b)(1)(C).

After a thorough examination of the record, we will ADOPT the Magistrate Judge's Report and Recommendation and DENY Petitioner's claim.

## BACKGROUND[2]

Petitioner was arrested with two co-defendants on December 7, 1989, following a six-month investigation conducted by the Federal Drug Enforcement Agency.  Arraignment was held on December 18, 1989, and all three defendants were charged with: (1) Possession with intent to distribute at least 500 grams of cocaine in violation of 21 U.S.C. § 841(a)(1); (2) Conspiracy to possess with intent to distribute at least five kilograms of cocaine in violation of 21 U.S.C. § 841(a)(1) and 846; (3) Possession of a firearm during a drug trafficking crime in violation of 21 U.S.C. § 924(c)(1).  Petitioner and his two co-defendants proceeded to a jury trial on March 19, 1990, and were found guilty of all counts on March 23, 1990.  The defendants were sentenced on August 31, 1990, and the sentences were affirmed on appeal on December 31, 1992.

In June of 1994, Petitioner absconded from the Federal Prison Camp at Maxwell Air Force Base in Montgomery, Alabama.  On January 8, 1999, he was arrested in Florida on the escape charges and

---

[2] The following facts are taken from Petitioner's Memorandum in Support of Petition for Writ of Habeas Corpus Made Pursuant to Title 28 U.S.C. § 2241.

brought back into custody. Petitioner pled guilty to escape and received a sentence of twelve months to run consecutive to the remainder of his original sentence.

On November 3, 2000, Petitioner filed a Motion to Modify the Sentence pursuant to 18 U.S.C. § 3582(c). The motion was denied on June 12, 2002. Petitioner filed a Motion for Reconsideration and that motion was denied on August 20, 2002. Petitioner appealed and the ruling was affirmed by the Eleventh Circuit Court of Appeals on December 23, 2003.

Petitioner maintains that the extent of his liability is limited to the one kilogram of cocaine seized from him at the time of his arrest. Petitioner alleges that his sentence should have reflected the extent of only his personal conduct and not the conspiracy as a whole. Petitioner cites a 1992 amendment of § 1B1.3 of the Federal Sentencing Guidelines which he alleges instructs courts to consider the particularized conduct of each defendant in a drug conspiracy. According to Petitioner, the guidelines were amended while his case was on appeal and should therefore apply retroactively to his sentence.

Petitioner has not filed a motion pursuant to § 2255.[3]

---

[3] § 2255 states in relevant part:

A prisoner in custody under sentence of a court established by act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States,...or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

According to Petitioner's interpretation of § 2255, his claim falls outside the statute.

DISCUSSION

A.   28 U.S.C. § 2241 Standard

Petitioner filed the present Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  He claims that § 2255 is both inadequate and ineffective as applied to his claim.

A § 2255 motion filed with the sentencing court is "[the] usual avenue for federal prisoners seeking to challenge the legality of their confinement." In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997).  In general, a § 2255 motion "supersedes habeas corpus and provides the exclusive remedy" to one in custody pursuant to a federal court conviction. Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir.), cert. denied, 409 U.S. 1046, 93 S.Ct. 546 (1972); see also Okereke v. United States, 307 F.3d 117, 120 (3d Cir.), cert. denied, – U.S. –, 123 S.Ct. 572 (2002).

Federal prisoners may attempt to circumvent the gatekeeping provisions of § 2255 by bringing a claim for collateral review of a conviction or sentence under § 2241.  A § 2241 petition is only available to attack the validity of a conviction or sentence if the prisoner can show that a § 2255 motion is "inadequate or ineffective to test the legality of . . . detention."  28 U.S.C. § 2255.  This petition is brought in the district court with jurisdiction over the petitioner's custodian. See United States v. Ferri, 686 F.2d 147, 158 (3d Cir. 1982) (citing Braden v. 30th

Judicial Circuit Court, 410 U.S. 484, 93 S.Ct. 1123 (1973)).  A petitioner has the burden to prove that the remedy afforded by § 2255 is "inadequate or ineffective."  See Lewis v. Romine, 2001 WL 1555273, *3 (M.D. Pennsylvania. 2001).  A petition under § 2255 does not become "inadequate or ineffective" merely because the petitioner cannot meet the AEDPA requirements.  See Dorsainvil, 119 F.3d at 251 ("We do not suggest that § 2255 would be 'inadequate or ineffective' so as to enable a petitioner to invoke § 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.  Such a holding would effectively eviscerate Congress's intent in amending § 2255."); see also Brown v. Mendez, 167 F. Supp. 2d 723, 726 (M.D. Pennsylvania. 2001) (Vanaskie, C.J.) (citing United States v. Barrett, 178 F.3d 34, 50 (1st Cir. 1999), cert. denied, 528 U.S. 1176 (2000)).

The Dorsainvil court held that a § 2255 motion was only "inadequate and ineffective" (thereby allowing a petitioner to bring a § 2241 habeas corpus action) where the denial of the habeas action would raise serious constitutional issues.  119 F.3d at 249.  The serious constitutional issue in Dorsainvil was that a change in substantive law since the petitioner's conviction had negated the criminal nature of the conduct for which the petitioner was convicted.  Id. at 251.

Here, Petitioner claims that § 2255 was inadequate to test the legality of his detention because he was entitled to a full appeal

and that remedy was not available under § 2255.  The Magistrate Judge found that Petitioner's claim clearly fell within the purview of § 2255 and that Petitioner failed to show that § 2255 would have been inadequate or ineffective to address his claim.  (Doc. 12, p. 11).

We agree with the Magistrate Judge that Petitioner has failed to show that a § 2255 claim would have been inadequate to test the legality of his claim.  Therefore, Petitioner may not succeed on his § 2241 claim.

B.   Amendment 439 to U.S.S.G. § 1B1.3

Petitioner claims that he was entitled to have Amendment 439 applied to his case by the sentencing court.  Our concern is whether application of Amendment 439 would have had any effect on the outcome of Petitioner's sentence.  Because Amendment 439 is a clarifying amendment, it has no effect on Petitioner's case.[4]

Amendment 439 did not change any of the language of § 1B1.3. Instead, the amendment simply moved the "reasonably foreseeable" language from the commentary section into the actual text of § 1B1.3.  Other circuit courts have generally agreed that Amendment 439 did not substantively alter the guideline, but merely clarified

---

[4] Amendment 439 "clarifies and more fully illustrates the operation of this guideline.  Material is moved from the commentary to the guideline itself and rephrased for greater clarity, the discussion of the application of this provision in the commentary is expanded, and additional examples are inserted."
U.S. Guidelines Manual app. C (1997).

it.  See United States v. Lambert, 995 F.2d 1006, 1009 n. 3 (10th Cir.), cert denied, 510 U.S. 926, 114 S.Ct. 333, 126 L.Ed.2d 278 (1993); United States v. Evbuomwan, 992 F.2d 70, 74 n. 1 (5th Cir. 1993).  Furthermore, the Supreme Court has held that "commentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline."  Stinson v. United States, 508 U.S.36, 113 S.Ct. 1913 (1993).

Because Amendment 439 did not constitute an addition to § 1B1.3, but was merely intended to explain or clarify the guideline, we find that it would not have affected Petitioner's sentence even if it had been specifically considered by the sentencing court.

C.   Ineffective Assistance of Counsel

Petitioner claims that counsel's failure to make the sentencing court aware of Amendment 439 to § 1B1.3 constituted ineffective assistance of counsel.

In order to prevail on an ineffective assistance of counsel claim, Petitioner must meet a two-prong test: (1) that counsel's performance fell below an objective standard of reasonableness and (2) that it is reasonably probable that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  The Strickland test places a high hurdle in

front of Petitioners.

The Sixth Amendment right to effective assistance of counsel was not designed "to improve the quality of legal representation, although that is a goal of considerable importance to the legal system. The purpose is simply to ensure that criminal defendants receive a fair trial." Id. at 689.

Petitioner argues that his counsel was inadequate for failing to bring Amendment 439 to the sentencing court's attention. However, as discussed above, Amendment 439 was only a clarifying amendment and the sentencing court had the benefit of the "reasonably foreseeable" language within the commentary section to § 1B1.3 at the time of Petitioner's sentencing. Therefore, counsel's failure to point out the 1992 amendment to § 1B1.3 to the sentencing court did not effect Petitioner's sentence because there was no substantive change made to the guideline.

In addition, we note that Petitioner was convicted by a jury of conspiracy to distribute more than five kilograms of cocaine. (Doc. 2). Therefore, we find Petitioner's claim that he should have been sentenced for only the one kilogram of cocaine found on his person at the time of his arrest to be without merit.

CONCLUSION

Because § 2255 was not inadequate or ineffective to address

the legality of Petitioner's confinement, and Amendment 439 was only a clarifying amendment, and Petitioner was convicted of the entire conspiracy by a jury, and the failure of Petitioner's counsel to bring Amendment 439 to the attention of the sentencing court did not effect Petitioner's sentence, Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is DENIED and the Magistrate Judge's Report and Recommendation is ADOPTED.

<u>S/Richard P. Conaboy</u><br>
Richard P. Conaboy<br>
United States District Judge

DATE: August 24, 2005_____

```
                 UNITED STATES DISTRICT COURT
             FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

SCOT CAVINESS,                  :
                                :
    Petitioner,                 :   CIVIL ACTION NO. 3:04-2102
                                :
    v.                          :
                                :
RONNIE HOLT, Warden,            :   JUDGE CONABOY
                                :
    Respondent.                 :   (Magistrate Judge Mannion)

---

<u>ORDER</u>

On this 24th day of August 2005, it is ordered that:

1.  Petitioner's Petition for Writ of Habeas Corpus pursuant to § 2241 is DENIED;

2.  The Magistrate Judge's Report and Recommendation is ADOPTED;

3.  There is no basis for the issuance of a certificate of appealability.

<u>S/Richard P. Conaboy</u><br>
Richard P. Conaboy<br>
United States District Court

DATE: August 24, 2005