```
              UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

SCOT CAVINESS,                    :
                                  :
    Petitioner,                   :   CIVIL ACTION NO. 3:04-2102
                                  :
    v.                            :
                                  :
RONNIE HOLT, Warden,              :   JUDGE CONABOY
                                  :
    Respondent.                   :   (Magistrate Judge Mannion)

## MEMORANDUM and ORDER

Before the Court is Scot Caviness' ("Petitioner") Motion to Alter or Amend the Judgment, (Doc. 20), pursuant to Federal Rule of Civil Procedure 59(e).  Petitioner again seeks Habeas Corpus relief pursuant to 28 U.S.C. § 2255 and claims that this Court should reconsider its August 24, 2005, Memorandum and Order based on an error of law.

I.   BACKGROUND[1]

Petitioner was arrested with two co-defendants on December 7, 1989, following a six-month investigation conducted by the Federal Drug Enforcement Agency.  Arraignment was held on December 18, 1989, and all three defendants were charged with: (1) Possession with intent to distribute at least 500 grams of cocaine in violation of 21 U.S.C. § 841(a)(1); (2) Conspiracy to possess with intent to distribute at least five kilograms of cocaine in violation of 21 U.S.C. § 841(a)(1) and 846; (3) Possession of a

---

[1] The following facts are taken from Petitioner's Memorandum in Support of Petition for Writ of Habeas Corpus, (Doc. 2).

firearm during a drug trafficking crime in violation of 21 U.S.C. § 924(c)(1).  Petitioner and his two co-defendants proceeded to a jury trial on March 19, 1990, and were found guilty of all counts on March 23, 1990.  The defendants were sentenced on August 31, 1990, and the sentences were affirmed on appeal on December 31, 1992.

In June of 1994, Petitioner absconded from the Federal Prison Camp at Maxwell Air Force Base in Montgomery, Alabama.  On January 8, 1999, he was arrested in Florida on the escape charges and brought back into custody.  Petitioner pled guilty to escape and received a sentence of twelve months to run consecutive to the remainder of his original sentence.

On November 3, 2000, Petitioner filed a Motion to Modify the Sentence pursuant to 18 U.S.C. § 3582(c).  The motion was denied on June 12, 2002.  Petitioner filed a Motion for Reconsideration and that motion was denied on August 20, 2002.  Petitioner appealed and the ruling was affirmed by the Eleventh Circuit Court of Appeals on December 23, 2003.

On September 22, 2004, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to § 2241.  In that petition, Petitioner maintained that the extent of his liability was limited to the one kilogram of cocaine seized from him at the time of his arrest.  He alleged that his sentence should have reflected the extent of only his personal conduct and not the conspiracy as a whole.  Petitioner

2

cited a 1992 amendment of § 1B1.3 of the Federal Sentencing Guidelines which he alleges instructed courts to consider the particularized conduct of each defendant in a drug conspiracy. According to Petitioner, the guidelines were amended while his case was on appeal and should have been applied retroactively to his sentence.

On May 24, 2005, the Magistrate Judge issued a Report and Recommendation and recommended that Petitioner's claim be dismissed. On May 24, 2005, this Court adopted the Magistrate Judge's Report and Recommendation and denied Petitioner's claim.

On September 12, 2005, Petitioner filed the instant Motion for Reconsideration.

II.  DISCUSSION

   A.   Petitioner Filed a Motion to Amend the Judgment

On September 12, 2005, Petitioner filed a Motion to Alter or Amend Judgment along with a supporting Memorandum. (Docs. 20 & 21). Petitioner filed his motion pursuant to Federal Rule of Civil Procedure 59(e). Therefore, we will consider Petitioner's motion as a Motion for Reconsideration.

   B.   Standard Applied for Motion to Reconsider

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). A motion for reconsideration of an order dismissing a

complaint is recognized by the Third Circuit as the "functional equivalent" of a Fed.R.Civ.P. 59(e) motion to alter or amend a judgment. Local 634 School Cafeteria Workers, AFL-CIO v. Hanley, 1996 WL 170321, *2 (E.D.Pa. 1996) (citing Federal Kemper Ins. Co. v. Rauscher, 807 F.2d 345, 348 (3d. Cir. 1986)). Furthermore, a timely filed motion for reconsideration under a local rule is a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e). Schroeder v. McDonald, 55 F.3d 454, 459 (9th Cir. 1995) (citing Bestran Corp. v. Eagle Comtronics, Inc., 720 F.2d 1019 (9th Cir. 1983)).

A litigant who brings such a motion "must rely on one of three grounds: 1) the availability of new evidence not previously available, 2) an intervening change in controlling law, or 3) the need to correct a clear error of law or to prevent manifest injustice." Rhine v. Dick Clark Productions, Inc., 2000 WL 14875, *2 (E.D.Pa. January 10, 2000)(citations omitted)). However, courts should grant Rule 59(e) motions "sparingly because of the interests of finality and conservation of scarce judicial resources." Ruscavage v. Zuratt, 831 F.Supp. 417, 418 (E.D. Pa. 1993).

Here, Petitioner relies on the third ground and claims that his motion for reconsideration is properly before the Court because this Court erred as a matter of law by denying Petitioner's claim. (Doc. 23).

   C.  <u>Petitioner's Claim in Light of the Standard</u>

4

Respondent points out that, "a party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.'" <u>Database America, Inc. V. Bellsouth Advertising and Publishing Corp.</u>, 825 F.Supp. 1216, 1220 (D. N.J. 1993); see also <u>Glendon Energy Co. V. Borough of Glendon</u>, 836 F.Supp. 1109, 1122 (E.D. Pa. 1993).  (Doc. 22).

Respondent argues that Petitioner has failed to meet any of the three possible grounds for a valid motion for reconsideration. Furthermore, Respondent claims that Petitioner sets forth here the same three issues he presented in his original Petition for Writ of Habeas Corpus and in his objections to the Magistrate Judge's Report and Recommendation.

Petitioner raises the following three issues in his present motion: (1) he is innocent of the crime for which he was convicted and § 2255 is inadequate and ineffective to test the legality of this claim; (2) Amendment 439 to the U.S.S.G. was substantive in nature in its application to Petitioner's case; and (3) ineffective assistance of counsel.  (Doc. 21).

Each of the three issues raised by Petitioner in the present motion has been addressed by this Court in prior opinions.  Each of these issues was discussed in detail by the Magistrate Judge in his May 24, 2005, Report and Recommendation.  This Court adopted that Report and Recommendation on August 24, 2005.  Therefore, we do not

see a need to repeat those discussions here.  We agree with Respondent that Petitioner's Motion for Reconsideration should be dismissed.

III. CONCLUSION

    Based on the foregoing discussion, we will DISMISS Petitioner's Motion for Reconsideration.

DATE: November 2, 2005                 S/Richard P. Conaboy
                                                Richard P. Conaboy
                                                United States District Judge

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SCOT CAVINESS, | : | |
| | : | |
| Petitioner, | : | CIVIL ACTION NO. 3:04-2102 |
| | : | |
| v. | : | |
| | : | |
| RONNIE HOLT, Warden, | : | JUDGE CONABOY |
| | : | |
| Respondent. | : | (Magistrate Judge Mannion) |

<u>ORDER</u>

Now, this 2nd day of November, 2005, Petitioner's Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 59(e) is DISMISSED.

<u>S/Richard P. Conaboy</u>
Richard P. Conaboy
United States District Judge